ROB BONTA, State Bar No. 202668
Attorney General of California
SETH E. GOLDSTEIN, State Bar No. 238228
R. MATTHEW WISE, State Bar No. 238485
Supervising Deputy Attorneys General
KEVIN L. QUADE, State Bar No. 285197
KRISTEN C.A. KIDO, State Bar No. 335667
Deputy Attorney General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 210-7693
Fax: (916) 324-8835
E-mail: Kevin.Quade@doj.ca.gov
*Attorneys for Defendant Zoe Heller, in her official Capacity as Director of the California Dep't of Resources, Recycling & Recovery*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STATE OF NEBRASKA, et al.,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**ZOE HELLER, in her official capacity as Director of the California Department of Resources Recycling & Recovery, et al.,**<br><br>Defendants. | 2:26-cv-02214-DC-CKD<br><br>**DEFENDANT HELLER'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date: January 15, 2027<br>Time: 1:30 p.m.<br>Dept: 10, 13th Floor<br>Judge: Hon. Dena M. Coggins<br><br>Action Filed: June 22, 2026 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT, on January 15, 2027, at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Dena M. Coggins, in Courtroom 10 of the United States District Court for the Eastern District of California, Robert T. Matsui United States Courthouse, located at 501 I Street, Sacramento, California 95814, Defendant Zoe Heller, in her official capacity as Director of the California Department of Resources, Recycling, and Recovery (Department), will and hereby does move this Court to dismiss Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief without leave to amend, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

This motion is made following the parties' meet and confer, which was conducted via Teams videoconferencing on October 16, 2026. At the conference, the parties discussed the substance of the instant motion and the possibility of resolution. The parties engaged in good faith discussion but fundamentally disagree about the constitutionality of the Plastic Pollution Prevention and Packaging Producer Responsibility Act (the Act) and the legal analysis associated with plaintiffs' causes of action. The parties have exhausted meet-and-confer efforts to resolve this case.

This motion seeks dismissal of the First Amended Complaint, in part for lack of jurisdiction, and in full for failure to state a claim on which relief can be granted, on the following grounds:

(1) Plaintiff States have not alleged facts sufficient to plausibly establish standing under Article III of the United States Constitution because none of their allegations of sovereign harm, quasi-sovereign harm, or direct financial harm describe an injury in fact traceable to operation of the Act.

(2) Plaintiffs do not and cannot plausibly allege that the challenged provisions of the Act facially violate the dormant Commerce Clause because:

(a) The challenged provisions of the Act do not have the effect of discriminating against interstate commerce.

(b) The challenged provisions of the Act do not substantially burden interstate commerce.

(3) Plaintiffs do not and cannot plausibly allege that the Act facially imposes unfairly apportioned taxes because the Act's fees are both internally and externally consistent.

(4) Plaintiffs do not and cannot plausibly allege that the Act is facially ultra vires, either because it violates the horizontal separation of powers and state sovereignty or the due process rights of out-of-state persons and businesses.

(5) Plaintiffs do not and cannot plausibly allege that the Act facially violates the Import-Export Clause because that constitutional provision only applies to foreign trade.

(6) Plaintiffs do not and cannot plausibly allege that the challenged provisions of the Act are facially vague because producers of covered material are capable of understanding their legal obligations and liabilities.

(7) Plaintiffs do not and cannot plausibly allege that the challenged provisions of the Act violate the First Amendment and associated state constitutional protections because:

(a) The Act's prohibition on per-transaction line-item notations on receipts and invoices constitutes permissible regulation of commercial speech.

(b) The challenged provisions of the Act concerning the producer responsibility organization (PRO) do not unconstitutionally compel speech or association.

(8) Plaintiffs do not and cannot plausibly allege that the Act requires an unconstitutional private delegation under the federal and state Constitutions because the Department maintains broad authority over the Act's implementation.

(9) Plaintiffs do not and cannot plausibly allege cognizable challenges to the Act under the California Constitution because such claims are barred by the Eleventh Amendment.

The motion is based upon this Notice and Motion, the Memorandum of Points and Authorities, the pleadings and papers filed herein, and any argument the Court may hear. Defendant Heller requests oral argument on this Motion and has noticed the hearing for January 15, 2027, at 1:30 p.m.

///

Dated: October 23, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
SETH E. GOLDSTEIN
R. MATTHEW WISE
Supervising Deputy Attorneys General
KRISTEN C.A. KIDO
Deputy Attorney General



KEVIN L. QUADE
Deputy Attorney General
*Attorneys for Defendant Zoe Heller, in her official capacity as Director of the California Dep't of Resources, Recycling & Recovery*